**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| United States of America, | Case No. 2:20-cr-00320-CDS-BNW |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Brandon Wong, | |
| Defendant. | |

Before the Court is Defendant Brandon Wong's motion for discovery. ECF No. 53. The Government responded at ECF No. 54, and Mr. Wong replied at ECF No. 55.

### I.    Procedural Background

Defendant Wong is charged in an indictment with nine counts of Money Laundering and a single count of Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Sections 1956(a)(3) and 1956(h), respectively. Trial in this matter is currently set for December 19, 2022.

### II.    The Parties' Arguments[1]

In his motion, Mr. Wong explains that he will present an entrapment defense at trial. In turn, he requests that the Government disclose:

> any information which could be argued to sustain an allegation that Mr. Wong was predisposed to commit money laundering including but not limited to any statements he has made, any information contained in a prior record or any documents within the government's possession, custody or control which may indicate such a predisposition.

ECF No. 53 at 4.

---

[1] The Court agrees with the Government that there was not a proper meet and confer in this case as defined by LR IA 1-3(f). In the interest of efficiency, especially given that the issue has been fully briefed, the Court will issue an order based on the substantive arguments presented. Nonetheless, moving forward, the Court expects Mr. Wong to have a proper meet and confer with Government counsel prior to filing such motions.

1   The Government's position is that Mr. Wong's request already falls within its disclosure
2   obligations, with which it has complied. It also acknowledges its continued duty to disclose
3   should it come into possession of new information.
4   On the one hand, Mr. Wong's reply accepts the Government's representation that it has
5   complied with its disclosure obligations. On the other hand, he argues his request is "[for] more
6   than [the] general *Brady*/*Giglio* information the Government purports to have already
7   disclosed . . . ." ECF No. 55 at 3. Consequently, he seeks an order form this Court barring the
8   government from later producing evidence "which could be argued to sustain an allegation that
9   Mr. Wong was predisposed to commit money laundering." *Id*.

10  **III.   Analysis**

11  Fed. R. Crim. P. 16 governs pretrial disclosures and the continuing duty to disclose.
12  Independent of its obligations under Rule 16, the Government has a constitutional obligation to
13  disclose exculpatory evidence and impeachment evidence of prosecution witnesses when such
14  evidence is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v.*
15  *United States*, 405 U.S. 150, 154 (1972); *Kyles v. Whitley*, 514 U.S. 419, 432–33 (1995).
16  The Government argues it has complied with its Rule 16 obligations and acknowledges its
17  continuing duty to disclose. The Court notes that the request for evidence that relates to Mr.
18  Wong's predisposition to commit money laundering may well fall within the Government's Rule
19  16 obligations. *See, e.g.*, Fed. R. Crim. P. 16(a)(1)(A) (Defendant's oral statement); Fed. R. Crim.
20  P. 16(a)(1)(B) (Defendant's written statement); Fed. R. Crim. P. 16(a)(1)(D) (Defendant's prior
21  record); and Fed. R. Crim. P. 16(a)(1)(E) (documents material to preparing the defense).
22  However, it appears Mr. Wong may be requesting evidence that does *not* fall within Rule 16, too
23  (i.e., oral statements *not* made in response to interrogation). *Cf.* Fed. R. Crim. P. 16(a)(1)(A). To
24  the extent this is what Mr. Wong requests, he has not developed any legal arguments suggesting
25  that the Government has such a disclosure obligation.
26  In addition, as noted above, the Government has other discovery obligations governed by
27  case law. Again, the Government attests to having complied with these requirements. While Mr.
28  Wong argues that his request is broader than that already disclosed by the Government pursuant

to *Brady* and *Giglio*, he does not expand on this argument.[2] Of note, Mr. Wong's request is for evidence of predisposition to commit a crime. Mr. Wong does not explain how this evidence is *exculpatory* in the context of an entrapment defense.

As such, the Court finds it would be premature to enter an order at this juncture barring the Government from introducing any future evidence related to Mr. Wong's defense. As noted above, the Government has a continuing duty to disclose. Thus, it is possible the Government may still acquire new information relating to the defense in question (although unlikely since this case was indicted in December 2020). Accordingly,

**IT IS ORDERED** that Mr. Wong's motion (ECF No. 53) is **DENIED**.

DATED: September 14, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2] Nor does he explain how the information in question would not fall under Fed. R. Crim. P. 16.